UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| Stephen Johnson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:11-cv-4058-SLD-JAG |
| ) | |
| The City of Rock Island, Illinois, a municipal ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | |

ORDER

Plaintiff Stephen Johnson brings this action against the City of Rock Island claiming that Rock Island police officers violated his First Amendment rights during two separate encounters. During the second such encounter, Plaintiff audio-recorded his conversation with the police officers without obtaining the officers' consent. Presently before the Court is [#32] Plaintiff's motion for a temporary restraining order, preliminary injunction, and declaratory judgment, barring Defendant, and all those acting in concert or participation with Defendant, from arresting or prosecuting Plaintiff under the Illinois Eavesdropping statute. For the reasons discussed below, the Court DENIES Plaintiff's motion.

**I. RELEVANT FACTS**

Based on two separate incidents, Plaintiff claims that the Illinois Disorderly Conduct statute (720 ILCS 5/26-1(a)(1) *et seq*.) is unconstitutional as applied to him. Plaintiff alleges that the Rock Island police threatened to arrest him under that statute for conduct he believes is protected by the First Amendment.

The second such incident occurred on April 26, 2012, when Plaintiff was in Rock Island, Illinois, preaching his religious message on a public sidewalk. After a bystander complained,

1

several Rock Island police officers were dispatched to investigate the disturbance. The police officers found Plaintiff and spoke with him, allegedly speaking in a manner audible to bystanders. Plaintiff audio-recorded the conversation with his cell phone without the officers' consent. Plaintiff now moves the Court to enjoin Defendant from arresting or prosecuting him under the Illinois Eavesdropping statute. Plaintiff further seeks to introduce the audio recording during an upcoming hearing related to the April 26, 2012 incident.

## II. THE ILLINOIS EAVESDROPPING STATUTE

The Illinois Eavesdropping statute (720 ILCS 5/14-1, et seq.) makes it a class 4 felony to audio-record "all or any part of any conversation" unless all parties to the conversation consent to such recording. 720 ILCS 5/14-2(a)(1), 14-4(a). And doing so will become a class 1 felony if one of the parties is a law enforcement officer who is performing her official duties. 720 ILCS 5/14-4(b).

## III. ANALYSIS

### A. Preliminary Injunction Related to Illinois Eavesdropping Statute

The purpose of preliminary equitable relief is to protect the movant during the pendency of the action while the Court resolves the merits of the cause of action found in the complaint. *See Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997). While a preliminary injunction is in effect, the Court works to resolve the dispute that is causing the enjoined injury. But if the enjoined injury is unrelated to any cause of action found in the complaint, then the Court may never resolve the dispute causing the injury. Thus, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

The federal rules further support requiring a movant to establish that the injury sought to be enjoined is tethered to a cause of action in the complaint. Rule 65(a)(2) states that "[b]efore or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of *the action* on the merits…." Fed. R. Civ. P. 65(a)(2) (emphasis added). In federal court, *an action* is commenced by filing a complaint. Fed. R. Civ. P. 3. Accordingly, a District Court does not have jurisdiction to award a preliminary injunction for an injury unrelated to any cause of action found in the complaint. *See Stewart v. United States Immigration & Naturalization Service*, 762 F.2d 193, 198 (2nd Cir. 1985); *Turner-El v. Illinois Bd. of Educ.*, No. 93-cv-4918, 1996 U.S. Dist. LEXIS 12272, at *6 (N.D. Ill. 1999) ("As a general rule, a party cannot insert new claims into a case through motions for a preliminary injunction.").

In the motion before the Court, Plaintiff argues that applying the Illinois Eavesdropping statute to him on these facts is likely unconstitutional. Plaintiff relies solely on *ACLU v. Alvarez*, 679 F.3d 583 (7th Cir. 2012). In a 2-1 decision, *Alvarez* held that the ACLU was likely to succeed on the merits of its challenge to the Illinois Eavesdropping statute because making it a crime to "openly audio record the audible communications of law-enforcement officers (or others whose communications are incidentally captured) when the officers are engaged in their official duties in public places" likely violates the First Amendment. *See id.* at 608.

But Plaintiff's attack on the constitutionality of the Illinois Eavesdropping statute is wholly unrelated to the injury he alleges in his complaint: the Rock Island police officers allegedly threatening to arrest him under the Illinois Disorderly Conduct statute for conduct he claims is protected by the Constitution. In short, the injury that Plaintiff is allegedly suffering by facing a credible threat that the Illinois Eavesdropping statute will be enforced against him is an

injury found nowhere in his complaint.  Plaintiff is in effect trying to raise a new cause of action challenging the constitutionality of the Illinois Eavesdropping statute via motion, which is improper.  *See Turner-El v. Illinois Bd. of Educ.*, 1996 U.S. Dist. LEXIS 12272, at *6.  Accordingly, his motion for injunctive relief is DENIED.

### B. Whether Plaintiff Can Introduce the Recording as Evidence

Plaintiff requests that he be allowed to offer the audio recording as evidence during the upcoming evidentiary hearing related to the events of April 26, 2012.  Defendant lodges no objection at this time but requests an in camera inspection by the Court where Defendant is permitted to hear the recording before admitting it into evidence.  Should Plaintiff choose to introduce the audio recording during the upcoming evidentiary hearing, the Court will first hold an in camera review with counsel for Plaintiff and counsel for Defendant so that Defendant's counsel has an opportunity to hear the recording before the hearing.

### IV. CONCLUSION

For the reasons stated herein, the Court DENIES [#32] Plaintiff's motion for a temporary restraining order, preliminary injunction, and declaratory judgment, barring Defendant, and all those acting in concert or participation with Defendant, from arresting or prosecuting Plaintiff under the Illinois Eavesdropping statute.  Should Plaintiff choose to introduce the audio recording during the upcoming evidentiary hearing, the Court will first hold an in camera review with counsel for Plaintiff and counsel for Defendant so that Defendant's counsel has an opportunity to hear the recording before the hearing.

Entered this 6th day of November, 2012.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
